IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-19-0036 |
| | | CIV. NO. JKB-25-1195 |
| DARIEN COLEMAN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Darien Coleman was charged with Conspiracy to Participate in a Racketeering Enterprise, Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, and Conspiracy to Possess a Firearm in Furtherance of Drug Trafficking. (ECF No. 1000.) Coleman pleaded guilty to the racketeering charge. (ECF No. 1230.) He was sentenced to 270 months' imprisonment and five years of supervised release. (ECF No. 1392.)

Coleman has filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255. (ECF No. 1575.) For the reasons that follow, the Motion will be granted in part as to the ineffective assistance of counsel claim with respect to counsel's failure to file an appeal. It will otherwise be denied and a certificate of appealability will not issue.

### I.  Legal Standard

28 U.S.C. § 2255 allows a federal prisoner to move to set aside a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" The movant in a § 2255 proceeding bears the burden of proving his entitlement to relief by a preponderance of the

evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Though a court must hold a hearing when the movant raises a genuine dispute of fact, the court need not do so where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).

As is relevant for the pending Motion, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). To obtain relief under § 2255 on a theory of ineffective assistance of counsel, a petitioner has the burden of demonstrating (1) that he received ineffective assistance of counsel and (2) that he was prejudiced by that ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Proving the first element requires "overcoming the strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021) (citation and internal quotation marks omitted). Proving the second element requires showing that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In the context of a guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This is a high bar, and "[t]here is a most substantial burden on the claimant to show ineffective assistance." *Premo v. Moore*, 562 U.S. 115, 132 (2011). Further, in evaluating a § 2255 claim in the context of a guilty plea, "[a]bsent clear and convincing evidence to the contrary, a defendant

2

is bound by the representations he makes under oath during a plea colloquy." *Fields v. Att'y Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). In addition, it is well established that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted).

## II. Analysis

In support of his § 2255 Motion, Coleman argues that he received ineffective assistance of counsel. (*See generally* ECF No. 1575-1.) He cites ten failures on the part of counsel: (1) failure to seek and conduct a mental health evaluation of Coleman; (2) failure to communicate with Coleman and inform him of the relevant circumstances and likely consequences of pleading guilty; (3) failure to attempt to negotiate a favorable plea agreement; (4) failure to move for the recusal of the undersigned; (5) failure to conduct adequate and independent pretrial investigation; (6) failure to know that Coleman's guilty plea was not made knowingly and voluntarily; (7) failure to file Petitioner's requested notice of appeal; (8) failure to present evidence at the sentencing hearing; (9) failure to seek and explore an *Alford* plea; and (10) a general complaint involving cumulative errors resulting in the denial of due process. (ECF No. 1575-1 at 2.) The Court addresses each contention in turn.

### A. Timeliness

The Court first briefly addresses the timeliness of the Motion. Under 28 U.S.C. § 2255(f), a one-year statute of limitation applies, and it runs from "the date on which the judgment of conviction becomes final." Here, judgment was entered against Coleman on January 29, 2024. (ECF No. 1392.) No appeal was filed. The judgment of conviction therefore became final on February 12, 2024, the date that his time to file an appeal expired. However, Coleman sought an

extension of time (ECF No. 1553), and the Government stated that it was not opposed to providing him with an extension of time (ECF No. 1555). The Court recognizes that "[t]o equitably toll the limitations period, a prisoner must have pursued his rights diligently and an 'extraordinary circumstance' [must have] prevented timely filing." *Dyson v. United States*, Civ. No. JFM-12-2981, 2012 WL 5897665, at *2 (D. Md. Nov. 21, 2012) (citation omitted). Given that Coleman sought an extension, that the Government did not oppose, and the Court extended the deadline, and Coleman apparently relied on these facts, the Court concludes that equitable tolling is warranted.

### B. Failure to File Notice of Appeal

The Court begins with Coleman's sole meritorious claim. Coleman argues that his counsel was ineffective for failing to file an appeal. Coleman alleges that his counsel failed to file a requested notice of appeal and failed to consult with Coleman regarding the appeal. (ECF No. 1575-1 at 13.) "A criminal defendant's counsel who fails to file an appeal when requested to do so by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Ange*, 23 F.3d 403 (4th Cir. 1994) (internal quotation marks and citation omitted). "An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." *United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000).

The Government responds that "[i]n the interest of justice, the Government is not opposed to the Court allowing 14 days for the Petitioner to file an appeal." (ECF No. 1613 at 15 n.4.) However, the Court may not simply extend the deadline for filing an appeal. *See United States v. Davis*, 78 F. App'x 238, 239 (4th Cir. 2003) (finding that a district court did not have jurisdiction to grant a petitioner leave to file a belated notice of appeal, given that "[t]he appeal periods

4

established by Rule 4(b) for criminal appeals are mandatory and jurisdictional"). Rather, "[w]here a criminal defendant's counsel fails to file a direct appeal as requested, the proper remedy is to vacate the judgment of conviction and re-enter the judgment from which a new appeal may be taken." *Id.* Given the Government's position that it is not opposed to extending the appeal deadline, the Court will grant the Motion on this limited basis, vacate the judgment of conviction, and re-enter it, thus permitting Coleman to file an appeal.

### C. Failure to Seek and Conduct a Mental Health Evaluation

Coleman fails to establish either *Strickland* prong with respect to his claim that his counsel failed to seek a mental health evaluation. Coleman has not established any deficiency on his counsel's part. For instance, the Presentence Report indicates that Coleman reported no history of mental or emotional problems (ECF No. 1287), and the transcript of the Rule 11 hearing reflects that Coleman denied being treated for any mental illness (ECF No. 1603 at 7). In short, the record reflects "no reason that counsel would have probed further into unidentified mental health issues." *See Labastida v. United States*, Crim. No. DKC 16-001-005, 2021 WL 795159, at *3 (D. Md. Mar. 2, 2021). Further, the plea colloquy reflects that Coleman understood the nature and consequences of the proceedings, and that he was satisfied with his counsel's representation. Thus, Coleman has failed to establish that any decision by counsel not to request a mental health evaluation was unreasonable or prejudicial.

### D. Failure to Communicate and to Inform of Circumstances and Consequences

Coleman makes vague arguments that his counsel failed to communicate with him and that he did not understand the consequences of the plea. (*See* ECF No. 1575-1 at 5–6 ("There was not any reasonable communication from the beginning of this case between Petitioner and his

5

counsel"); ("Counsel failed to consult and explain the general strategy and prospects of success and the likely result of the sentence he would receive").)

However, the plea colloquy reflects otherwise. It reflects that Coleman agreed that he had "fully discussed the charges in the indictment and the case, in general, with [his] lawyer," and that he was "fully satisfied with the legal representation that he received" and his counsel had "given him good advice." (ECF No. 1603 at 7.) In response to the question "Do you believe that he has been a zealous and effective legal advocate on your behalf?" Coleman responded, "Definitely." (*Id.*) Coleman also stated that he reviewed the plea agreement, understood it, voluntarily agreed to it, and was "completely satisfied with the representation of [his] attorney." (*Id.* at 8.) Coleman also confirmed that he read and discussed the plea agreement with his attorney. (*Id.* at 9.) Coleman also agreed that he understood the various consequences of pleading guilty. (*Id.* at 11–14, 18–21.)

As noted above, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields*, 956 F.2d at 1299. Indeed, as the Fourth Circuit has explained:

> A defendant's solemn declarations in open court affirming a plea carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. Indeed, because they do carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings.

*United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations, internal quotation marks, and alterations omitted). Coleman presents no reason why the Court should not rely on his statements made during the Rule 11 hearing. Coleman therefore fails to establish deficient performance on his counsel's part, or prejudice.[1]

---

[1] Coleman also asserts that his counsel did not file any pretrial motions. (ECF No. 1575-1 at 5.) This is belied by the record, which reflects that his counsel filed several pretrial motions, including a motion to exclude Rule 404(b) evidence, a motion for disclosure, a motion for discovery, and a motion to sever. (ECF Nos. 904–07.)

6

### E. Failure to Attempt to Negotiate a More Favorable Plea Agreement

Coleman next argues that counsel was ineffective for failing to negotiate a more favorable plea agreement. Coleman's arguments with respect to this issue are vague and conclusory, and do not support any finding that his counsel was deficient. Coleman does not offer specific terms that were not properly negotiated. Thus, he fails to show deficient performance.

Further, Coleman does not provide any argument that the Government would have agreed to a more favorable deal, and "[w]hen a defendant is unable to produce any evidence that a more favorable Plea Agreement is available, they cannot show prejudice under *Strickland*." *United States v. Mason*, Crim. No. 18-01065-JMC-11, 2022 WL 3045154, at *5 (D.S.C. Aug. 2, 2022).

### F. Failure to Seek the Recusal of the Undersigned

Coleman argues that the undersigned "should have recused himself because he heard and accepted guilty pleas of several witnesses in Petitioner's case and his relationship to the witnesses and their plea agreements created a conflict of interest." (ECF No. 1575-1 at 9.) He argues that his counsel was deficient for failing to file a motion for recusal, and for his failure to inform Coleman "of the multiple co-defendants testifying/cooperating against him." (*Id.* at 10.)

"A presiding judge is not . . . required to recuse himself simply because of unsupported, irrational or highly tenuous speculation. Put simply, the proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation marks and citations omitted). Nothing in the record reflects that it would have been appropriate for Coleman's counsel to seek the recusal of the undersigned, and there is nothing deficient about

7

choosing not to file an unmeritorious motion.

### G. Failure to Conduct a Pretrial Investigation

Coleman argues that his counsel failed to conduct an adequate and independent pretrial investigation. (ECF No. 1575-1 at 11.) Coleman's arguments with respect to this claim are vague and conclusory. (*See id.*) This alone merits denial of this claim. *Dyess*, 730 F.3d at 359 ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (citation omitted).) Further, the only argument he makes with specificity is that his counsel failed to pursue a mental health evaluation, an argument that the Court rejected above.

### H. Failure to Know that Coleman's Guilty Plea was not Knowing and Voluntary

Coleman argues that counsel "should have anticipated that the petitioner could not [have] entered a plea voluntarily and intelligent[ly]." (ECF No. 1575-1 at 12.) This is rebutted by the plea colloquy, which reflects that Coleman understood the Court, was not under the influence of drugs, medication, or alcohol, and understood and was voluntarily agreeing to his plea agreement. (ECF No. 1603 at 6–8, 10–11.)

Coleman also states that he would not have entered into the plea had he known his Guidelines range. (ECF No. 1575-1 at 12.) The Court recognizes that the plea agreement reflects that the Government agreed to cap its recommendation at 240 months, and that the Court ultimately imposed a 270-month sentence. However, during the Rule 11 hearing, the Court reviewed the Guidelines range—of 292 to 365 months—with Coleman. (ECF No. 1603 at 16.) The transcript reflects that the following colloquy took place:

> THE COURT: Okay. Offense level 40, Category I, guidelines range 292 to 365 months. So how much is that in years? 292 is eight months less than 25 years, okay. 365, that's 30 years and five months. So that's your guidelines range. At least preliminarily, that's how the lawyers project it. Have you heard about all this?

8

THE DEFENDANT: Uh-huh.
THE COURT: You recognize these numbers?
THE DEFENDANT: I got a book.
THE COURT: So you studied it all and figured it out; talked with your lawyer about it, know how it comes out?
THE DEFENDANT: Yep.
THE COURT: All right. Do you understand the Court will not be able to finally determine the guideline range for your case until after the presentence report has been completed, and after you and the Government have had the opportunity to challenge the probation department's computation, the reported facts, and the proposed application of the guidelines. You got that?
THE DEFENDANT: Yes.

. . .

THE COURT: Do you understand that in addition to considering the sentencing guideline[s], and any departures from the guidelines, that under 18 United States Code, section 3553(a), the court will apply additional factors set out there, and they may impose a sentence [that] is either greater or lesser than that specified by the sentencing guidelines and any departures thereunder.
THE DEFENDANT: Yes.
THE COURT: Do you understand that the sentence ultimately imposed may be different from any estimate that your lawyer may have provided to you?
THE DEFENDANT: Yes.

(*Id.* at 16–17.) Thus, Coleman does not satisfy *Strickland* with respect to this argument.

### I. Failure to Present Evidence at the Sentencing Hearing

Coleman makes vague assertions regarding the ineffective assistance of counsel during sentencing. (ECF No. 1575-1 at 14.) He states that "counsel made essentially no effort to offer any evidence or argument in support of [certain] objections and a lower advisory guideline range." (*Id.*)

As an initial matter, the Court discerns no error with respect to the advisory guidelines range, and counsel cannot be ineffective for failing to raise an unmeritorious argument. Further, Coleman's Sentencing Memorandum and the transcript of the sentencing hearing reflect that Coleman's counsel made various arguments in support of a 120-month sentence (as opposed to the 240-month sentence for which the Government was advocating, or the 270-month sentence he

9

ultimately received). (*See generally* ECF Nos. 1375, 1605.) Thus, Coleman has established neither deficient performance nor prejudice.

### J. Failure to Seek an *Alford* Plea

Coleman argues that his counsel was ineffective for failing to request or explore the possibility of an *Alford* plea. Coleman states that "[i]n cases such as this, when the evidence presented by the prosecution was substantial but the petitioner maintained innocence, [a] competent attorney would have considered and discussed all plea options, including the possibility of an *Alford* plea." (ECF No. 1575-1 at 16.)

However, even assuming that counsel was required to notify Coleman of the option of pursuing an *Alford* plea—a dubious proposition—nothing in the record suggests that the outcome would have been different in this case, and this argument fails on the prejudice prong. *See Rivers v. United States*, Crim. No. 04-85-2-F, 2010 WL 3063215, at *8–9 (E.D.N.C. Aug. 3, 2010). Further, the Court notes that Coleman did not maintain his innocence, as reflected in the Rule 11 hearing, where Coleman answered in the affirmative to the question: "Are you pleading guilty of your own free will because you're guilty?" (ECF No. 1603 at 11.)

### K. Cumulative Errors

Coleman argues that, even if none of the arguments above are sufficient on their own to merit the vacatur of the judgment against him, their cumulative effect does. However, because only one of the claims above merits the vacatur and reinstatement of the judgment, the Court cannot conclude that the cumulative effect of the alleged errors merits the granting of the pending Motion. *See Fisher v. Angelone*, 163 F.3d 835, 852 (4th Cir. 1998) ("Having just determined that none of counsel's actions could be considered constitutional error . . . it would be odd, to say the

10

least, to conclude that those same actions, when considered collectively, deprived [defendant] of a fair trial.").

## III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (citation and quotation marks omitted). Coleman does not satisfy the above standards with respect to those claims that the Court found unmeritorious. Accordingly, a certificate of appealability will not issue.

## IV. Conclusion

For the foregoing reasons, its it ORDERED that:

1. Coleman's § 2255 Motion (ECF No. 1575) is GRANTED IN PART with respect to his claim of ineffective of counsel as it relates to the failure to file an appeal, but

11

it is otherwise DENIED;

2. An amended Judgment SHALL ISSUE, from which Coleman may notice an appeal;

3. A certificate of appealability SHALL NOT ISSUE;

4. The Clerk SHALL MAIL a copy of this Memorandum and Order to Coleman and SHALL EMAIL a copy of this Memorandum and Order to Coleman's counsel of record;

5. The Clerk is DIRECTED to close Civil Case JKB-25-1195.

DATED this 26 day of September, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge